## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **KELLY JACKSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:25-CV-05839-TWT-CCB** |
| | ) | |
| **IRON AGE OFFICE, LLC** | ) | |
| | ) | |
| **Defendant.** | ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1.      Description of Case:

(a)      Describe briefly the nature of this action.

*This is a civil action for damages and other equitable relief brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII").*

(b)      Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.

*Plaintiff Kelly Jackson ("Plaintiff") is a former employee of Defendant Iron Age Office, LLC ("Defendant"). She alleges that Defendant discriminated against her based on her gender in violation of Title VII. Defendant denies each of Plaintiff's claims.*

(c)      The legal issues to be tried are as follows:

(1) *Whether Plaintiff's Complaint and each of its causes of action fail to state a claim upon which relief can be granted.*

(2) *Whether Plaintiff's damages are limited to those remedies and those amounts provided for by the statute.*

(3) *Whether, even if Plaintiff was subject to unlawful conduct based on Plaintiff's protected class status, Defendant exercised reasonable care to prevent and correct the actions which support Plaintiff's claim and Plaintiff unreasonably failed to avail herself of preventive or corrective opportunities or to avoid harm otherwise.*

(4) *Whether Plaintiff has failed to mitigate damages as required by law.*

(5) *Whether Plaintiff's Complaint fails to state a claim for punitive, actual, special, exemplary, and/or compensatory damages.*

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:

*None.*

(2) Previously Adjudicated Related Cases:

*None.*

2. This case is complex because it possesses one or more of the features listed below (please check):

*Not applicable.*

____ (1) Unusually large number of parties

____ (2) Unusually large number of claims or defenses

____ (3) Factual issues are exceptionally complex

____ (4)    Greater than normal volume of evidence

____ (5)    Extended discovery period is needed

____ (6)    Problems locating or preserving evidence

____ (7)    Pending parallel investigations or action by government

____ (8)    Multiple use of experts

____ (9)    Need for discovery outside United States boundaries

____ (10)   Existence of highly technical issues and proof

____ (11)   Unusually complex discovery of electronically stored information

3.    Counsel:

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:          William S. Cleveland
                    GUILMETTE HENDERSON, LLC
                    1355 Peachtree Street NE, Suite 1125
                    Atlanta, Georgia 30309
                    william@guilmettehenderson.com

Defendant:          Joyce M. Mocek
                    FREEMAN MATHIS & GARY, LLP
                    100 Galleria Parkway, Suite 1600
                    Atlanta, GA 30339
                    Telephone:  (770) 818-0000
                    jmocek@fmglaw.com

4.    Jurisdiction:

Is there any question regarding this Court's jurisdiction?

___ Yes        **X** No

If "yes", please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5.    Parties to This Action:

   (a)    The following persons are necessary parties who have not been joined:

         *None.*

   (b)    The following persons are improperly joined as parties:

         *None.*

   (c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

         *Not applicable.*

   (d)    The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6.    Amendments to the Pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15.   Further instructions regarding amendments are contained in LR 15.

(a)   List separately any amendments to the pleadings which the parties anticipate will be necessary:

*None.*

(b)   Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7.   Filing Times For Motions:

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later.  Local Rule 7.1A(2).

(a)   *Motions to Compel*:   before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)   *Summary Judgment Motions*:   within thirty days after the close of discovery, unless otherwise permitted by Court order.  Local Rule56.1

(c)    *Other Limited Motions*:    Refer to LRs 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)    *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

8.    Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

*None.*

9.    Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

*None.*

10.    Discovery Period:

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

1.    Plaintiff's employment with Defendant.

2.    Plaintiff's employment history prior to her employment with Defendant.

3.    Plaintiff's efforts to obtain subsequent employment following her termination from Defendant.

4.    Plaintiff's employment subsequent to her employment with Defendant.

5.    Plaintiff's medical, emotional, and financial condition before, during, and after her employment with Defendant.

6.    The factual basis of the claims pled in the Complaint.

7.    The extent to which Plaintiff suffered damages as alleged in her Complaint.

8.    The factual basis of Plaintiff's alleged damages.

9.    Plaintiff's efforts to mitigate damages.

10.    Defendant's denials in it Answer.

11.    The factual basis for Defendant's denials in it Answer.

12.    Defendant's defenses to Plaintiff's claims.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or limited or focused upon particular issues, please state those reasons in detail below:

None at this time.

11.    Discovery Limitation and Discovery of Electronically Stored Information:

(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed:

None at this time.

(b)    Is any party seeking discovery of electronically stored information?

_X_ Yes            ____ No

If "yes,"

(1)    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

*The parties agree to exchange discovery electronically and will provide documents in native format and/or searchable PDF's, without waiver of the requesting party's right to seek ESI in native format. The parties agree that Parties' search for and production of electronically stored information will be limited to reasonably accessible data in each Parites' possession, custody, or control. Defendant is not required to search any backup or archived sources of data if the information requested is available from other reasonably accessible sources, without reasonable basis to do so.  However, this shall not preclude Plaintiff from seeking the production of electronically stored information from such sources if it is not available from other, more accessible, sources.*

(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

*The parties agree to exchange discovery electronically and will provide documents in native format and/or searchable PDF's, without waiver of the requesting party's right to seek ESI in native format.*

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

12.   Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

*None at this time.*

13.   Settlement Potential.

(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on March 5, 2026, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

*Plaintiff:*   **William S. Cleveland**

*Defendant:*   **Joyce M. Mocek**

(b)   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

| | |
|---|---|
| (__X__) | A possibility of settlement before discovery. |
| (__X__ ) | A possibility of settlement after discovery. |
| (_____) | A possibility of settlement, but a conference with the judge is needed. |
| (_____) | No possibility of settlement. |

(c)     Counsel (_**X**_) do or (___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is **TBD**.

(d)     The following specific problems have created a hindrance to settlement of this case.

*Not applicable.*

14.   Trial by Magistrate Judge:

Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)     The parties (__) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____ of 20__.

(b)     The parties (_**X**_) do not consent to having this case tried before a magistrate judge of this Court.

*/s/ William S. Cleveland*
William S. Cleveland
GUILMETTE HENDERSON, LLC
1355 Peachtree Street NE, Suite 1125
Atlanta, Georgia 30309
T: 833.377.3060
E: william@guilmettehenderson.com

*Counsel for Plaintiff*

*/s/ Joyce M. Mocek*
Joyce M. Mocek
Georgia Bar No. 515005
Kelli S. Taylor
Georgia Bar No. 187882
FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
T:  770.818.0000
F:  770.937.9960
E:  jmocek@fmglaw.com
E:  kelli.taylor@fmglaw.com

*Counsel for Defendants*